```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
S.C.,                                    :
                   Plaintiff,            :
                                         :    12 Civ. 9153 (DLC)
         -v-                             :
                                         :    OPINION AND ORDER
CAROLYN W. COLVIN,                       :
Acting Commissioner of Social Security   :
                   Defendant.            :
                                         :
----------------------------------------X
```

APPEARANCES

For the Plaintiff:

S.C., pro se

For the Defendant:

Susan D. Baird
Assistant U.S. Attorney for the Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007


DENISE COTE, District Judge:

    Plaintiff S.C. brings this action, seeking review of an order of the Commissioner of Social Security ("Commissioner") that denied S.C.'s application for Supplemental Security Income ("SSI") benefits and disability benefits under the Social Security Act ("the Act").  S.C. initially applied for such benefits on September 27, 2010.  He claimed that he became disabled as of January 20, 2009 due to human immunodeficiency

1

virus ("HIV"), herpes, and syphilis.  After his application was denied, S.C. requested an ALJ hearing.  The hearing took place on September 9, 2011, before Administrative Law Judge Robert C. Dorf ("ALJ").  On December 5, 2011, the ALJ found that S.C. did not qualify for the benefits because, despite his medical conditions, he was capable of performing his past relevant work.  S.C. then filed a request for review of the ALJ's decision, which was denied by the Appeals Board on October 9, 2012, rendering the ALJ's decision the final decision of the Commissioner.  This petition followed.

   S.C.'s complaint was filed on December 12, 2012.  The matter was reassigned to this Court on February 5, 2013.  A July 11, 2013 Order of this Court set a deadline for any motions and required the non-moving party to serve a responsive brief within thirty days of any such motion.  After being granted various extensions, the Commissioner moved for judgment on the pleadings on November 11, 2013.  According to a certificate of service, S.C. was served with the motion on January 7, 2014.  A January 8, 2014 Order, which was mailed to S.C., set a deadline for S.C. to oppose the motion by February 14.  S.C. failed to submit an opposition brief.  This Court has conducted an independent review of the administrative record and has determined, for the reasons that follow, that the petition for review lacks merit.

DISCUSSION

In reviewing the decision of the Commissioner, a district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A court must uphold the Commissioner's determination to deny benefits unless it is unsupported by substantial evidence or is based on an incorrect legal standard. Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013). Substantial evidence in this context means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted). "[A]n ALJ's credibility determination is generally entitled to deference on appeal." Id. at 420.

The Commissioner will find a claimant disabled under the Act if the claimant demonstrates the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

3

engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A). The disability must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3).

The Commissioner uses a five-step process when making disability determinations. See 20 C.F.R. §§ 404.1520 & 416.920. The Second Circuit has described the process as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him [per se] disabled. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.

Selian, 708 F.3d 417-18 (citation omitted). A claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden in the final step. Id. at 418.

The ALJ's conclusions regarding each of the "five steps" identified in the relevant SSA regulations and discussed in Selian, 708 F.3d at 417-18, were supported by substantial

4

evidence.  The ALJ first concluded that S.C. was not engaged in any substantial gainful activity, had not done so since the alleged onset of his disability, and that his HIV could be considered "severe" insofar as it "significantly limit[s] [his] physical or mental ability to do basic work activities."  20 C.F.R. § 416.921(b).  S.C. presumably does not challenge these conclusions, which were in any event substantially supported by the administrative record.

The ALJ also concluded that, while S.C.'s HIV could be considered "severe," it does not constitute a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ considered the specific listing for HIV, Listing 14.08, but concluded that S.C. does not meet the requirements for Listing 14.08 because his HIV is asymptomatic.  This finding was supported by substantial evidence, including S.C.'s own testimony.

Having reached the above conclusions, the ALJ then reviewed the medical record to determine S.C.'s residual functional capacity.  Based on a review of the medical evidence, the ALJ found that S.C. has the capacity to perform "the full range of light work," as defined by Social Security regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing,

5

>or when it involves sitting most of the time with some
>pushing and pulling of arm or leg controls.  To be
>considered capable of performing a full or wide range
>of light work, you must have the ability to do
>substantially all of these activities.  If someone can
>do light work, we determine that he or she can also do
>sedentary work, unless there are additional limiting
>factors such as loss of fine dexterity or inability to
>sit for long periods of time.

20 C.F.R. § 416.927(b).

This finding was supported by substantial evidence in the record including, <u>inter alia</u>, the approximately twenty medical evaluations between January 2008 and August 2011.  These evaluations indicated that S.C.'s HIV (the contraction of which he discovered in 2001) was asymptomatic and that he responded well to his HIV medications.  Moreover, at the ALJ hearing, S.C. confirmed that he could walk a mile, lift and carry 25 to 30 pounds, bend down, comb his hair, and button his shirt.  He also confirmed that he shops and cleans for himself.

The ALJ also considered S.C.'s claim that he suffered from chronic stomach pain and diarrhea, that he had nausea and vomited two or three times per week, that he must use the bathroom five or six times before noon each day, and that has had some opportunistic infections.  Based on a review of the relevant medical records, the ALJ determined that S.C.'s testimony regarding these limitations was not credible.

There is substantial evidence in the record to support this adverse credibility determination.  Despite the considerable

number of medical evaluations in the record, spanning through and before the onset date of the alleged gastro-intestinal issues, there is almost no mention of these issues, and the limited mentions suggest that any issues were minor and resolved themselves. Most significantly, multiple medical records post-dating the alleged onset of his disability state that S.C. expressly denied having diarrhea, nausea, or any related symptoms. Additionally, while the ALJ arranged for consultative exams following the hearing -- which S.C. stated he would attend -- S.C. failed to show up for these exams, even after multiple attempts to reschedule them.

Having found that S.C. could perform "light work," the ALJ then considered whether S.C. could perform the requirements of his past work. Finding that S.C.'s past work was that of an insurance administrator, the ALJ concluded that S.C. was capable of performing this job because it requires only "light work."

These findings were supported by substantial evidence. Both the administrative record and S.C.'s own testimony confirmed that he previously worked in an administrative capacity at an insurance company. Further, S.C.'s testimony confirmed that this work consisted of generally sitting at a desk for eight hours each day, and using computers and telephones without lifting more than ten pounds. This meets the definition of "light work" under the SSA guidelines.

After an evaluation of the record, as well as the Commissioner's arguments, this Court finds that the ALJ's decision, which is entitled to deferential review, is supported by substantial evidence.  Because S.C. has not opposed the Commissioner's motion for judgment on the pleadings, the Court reviewed the complaint with particular care to identify any specific flaws in the ALJ's decision of which S.C. complains.  S.C.'s complaint does not identify any particular deficiency, but rather simply states that the ALJ's decision was "erroneous, not supported by substantial evidence, and/or contrary to law."  The only specific deficiency discernible from the record is the one that S.C. raised at the hearing: that due to his alleged gastro-intestinal issues, he was unable to perform the administrative duties of his prior work.  The ALJ found that S.C.'s testimony to this effect was not credible.  As explained above, this finding is supported by substantial evidence and is therefore entitled to deference.

CONCLUSION

The defendant's November 11, 2013 motion for judgment on the pleadings is granted.  The Clerk of Court shall close the case.


	SO ORDERED:

Dated:	New York, New York
	April 29, 2014

			_____
			         DENISE COTE
			United States District Judge

COPIES MAILED TO:

S.C.
[address redacted]